UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CSX TRANSPORTATION, INC.**<br>500 Water Street<br>Jacksonville, Florida 32202<br><br>    Plaintiff,<br><br>    v.<br><br>**M/V WAWASAN RUBY,**<br>her engines, apparel, tackle, boats,<br>appurtenances, etc., <u>in rem</u>,<br><br>    and<br><br>**TRIO HAPPINESS, S.A.**<br>Calle 51Y Avenida<br>Federico Boyd No 20<br>Panama 5<br>Panama City, in personam<br><br>    Defendants. | Case No. _____<br><br>IN ADMIRALTY |

## VERIFIED COMPLAINT

CSX Transportation, Inc., Plaintiff ("CSXT") by Charles L. Simmons Jr., Francis J. Gorman, and Gorman & Williams, its attorneys, for its Complaint against the M/V WAWASAN RUBY, <u>in</u> <u>rem</u>, and against Trio Happiness, S.A., <u>in personam</u> says as follows:

1.   This is a case of admiralty and maritime jurisdiction. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Verified Complaint is <u>in</u> <u>rem</u> against the M/V WAWASAN RUBY (the "Vessel") with a prayer for the issuance of a warrant of arrest pursuant to Supplemental

Rule C of the Federal Rules of Civil Procedure. This Verified Complaint is in personam against Trio Happiness, S.A.

2. Pursuant to 46 U.S.C. § 30101 and general maritime law, Plaintiff's rights to recover for the damages caused by the Vessel may be enforced by suit in rem in admiralty against the defendant Vessel. Furthermore, original and exclusive jurisdiction of all such suits is vested in the district courts of the United States.

3. CSXT is a corporation duly organized under the laws of the state of Virginia with its principal place of business in Jacksonville, Florida. CSXT is in the business of transporting freight by rail and operate terminals.

4. The Vessel is an ocean-going vessel that is now within this District at the Bitumar Dock, 6000 Pennington Avenue, Baltimore, Maryland 21226, within the jurisdiction of this Honorable Court.

5. Upon information and belief, based on an online search a ship registry and a Google search, the Vessel is owned by Trio Happiness, S.A., an entity organized under the laws of Panama with its principal place of business in Panama City. Upon information and belief, Trio Happiness, S.A. is in the business of owning ships.

6. CSXT is the owner of the Curtis Bay Coal Piers, including the Bayside Coal Pier (the "Pier"). The Pier is located in Baltimore, Maryland with a street address of a 1910 Benhill Avenue, Baltimore, Maryland 21226. The Pier is utilized by CSXT to load coal on vessels.

7. The WAWASAN RUBY was destined for Bitumar Asphalt Dock located up the channel from CSXT Pier. At approximately 12:41 p.m. on Saturday, August 25, 2012, without warning, the Vessel allided with the Pier causing substantial damages,

rendering the coal pier and all equipment associated with loading vessels inoperable. The damage will affect Plaintiff CSXT's ability to use the Pier. The damages are believed at this time to be in excess of $5,000,000 for property damage, for loss of revenue and loss of profit, and for other damages. There was one CSXT employee injured as a result of the allusion. See Declaration of Craig A. Blinke attached as Exhibit 1.

8. Exigent circumstances exist under Supplemental Rules B and C because of the very short time frame that exists between the time of the allision between the Vessel and the Pier and the time that the Vessel is expected to leave the District.

9. The subject allision occurred at approximately 12:41 p.m. on Saturday, August 25, 2012. The Vessel proceeded to offload its cargo at approximately 1:00 a.m. on Sunday, August 26, 2012. The time to unload the cargo is estimated at eleven hours. Thus, the Vessel may be leaving the District, i.e., the Port of Baltimore, in less than twenty four hours after the subject allision that caused significant damage to the Pier.

### Count I -- Prayer for the Arrest of the Vessel
### Pursuant to Supplemental Rule C

10. The allision was caused by the fault and/or unseaworthiness of the Vessel.

### Count II -- Claim In Personam against Trio Happiness, S.A.
### Pursuant to Supplemental Rule B

11. CSXT repeats, as if set forth in full, the matters and facts alleged in Paragraphs 1-6 of this Verified Complaint.

12. Upon information and belief, Trio Happiness, S.A. ("Trio") is the owner of the Vessel.

13. The subject allision was caused by the negligence or other fault of the Vessel's Owner, Master, crew and/or other agents of the Owner.

14. As the Vessel's owner, Trio is responsible for the proper navigation of the Vessel, proper management of the Vessel, and proper manning of the Vessel with a competent crew. Trio failed in its responsibilities in these regards and such failures caused the Vessel to allide with Pier and caused CSXT's damages.

15. Trio cannot be found within the District of Maryland. There is no officer, trustee, managing or general agent of Trio authorized to accept service of process in the District of Maryland. CSXT's attorneys performed an investigation online, through Maryland SDAT, and in the Yellow Pages and were unable to find or identify any person or entity authorized to accept service of process for Trio.

16. As of approximately 5:15AM today, August 26, 2012, the surveyor appointed by CSXT to investigate the accident attempted to board the WAWASAN RUBY to determine information about the ownership of the Vessel and to ascertain the circumstances of the allision. The Master of the Vessel denied the CSXT surveyor any access to the Vessel.

17. The Vessel owner has caused tortious injury within the State of Maryland, as well as within the District of Maryland. Plaintiff CSXT invokes the Maryland Long Arm Statue in the Courts and Judicial Proceedings Article of the Maryland Annotated Code, Rule 2-115 and Rule 2-122 t of the Maryland Rules of Civil Procedure.

18. This Complaint is accompanied by forms of Orders to the Clerk for the issuance of the Warrant of Arrest and authorizing the process of attachment as required by LAR (e)(4).

WHEREFORE, Plaintiff CSXT prays that:

A.  This Honorable Court issue an Order that process in rem and a warrant of arrest issue in accordance with the practices in causes of admiralty and maritime jurisdiction, against the Vessel, her engines, equipment, furniture, freight, etc., with a notice to all persons claiming an interest in the Vessel and its appurtenances to appear and answer this Complaint;

B.  The claim of Plaintiff be adjudged to be a maritime lien on the Vessel and that a judgment be entered in favor of Plaintiff against the Vessel in the amount in excess of $5,000,000.00, plus interest, costs and attorney's fees, and that the Vessel be condemned and sold to pay the same;

C   The Vessel be cited to appear and answer all and singular the matters aforesaid and that judgment may be entered in favor of Plaintiff against the Vessel in an amount in excess of $5,000,000, with interest, costs and attorney's fees;

D.  This Honorable Court issue an Order authorizing the Clerk to issue process of attachment under Supplemental Rule B, with the Summons and Complaint..

E.  That Plaintiff may have such other and further relief as the justice of this cause may require.

Date:   August 26, 2012

_____
Charles L. Simmons Jr. (Bar No. 024278)
Francis J. Gorman (Bar No. 00690)
GORMAN & WILLIAMS
36 South Charles Street, Suite 900
Baltimore, MD 21201
Tel:   410-528-0600
Fax:   410-528-0602

Attorneys for Plaintiff
CSX Transportation, Inc.

## **VERIFICATION**

I verify under the penalties of perjury that the foregoing is true and correct. Verification is not made by a corporate officer because none is available on such short notice given the exigent circumstances of this action. I am the authorized agent for Plaintiff CSX in connection with the Curtis Bay Coal Piers, including the Bayside Coal Pier.

Executed on this 26th day of August, 2012.

*/s/ Craig A. Blinke*
Craig A. Blinke
Superintendent of Curtis Bay Coal Piers and
Agent of CSX for Curtis Bay Coal Piers